**WOODS, Housing Expediter, v. KOUR-MADAS.**

**No. 10985.**

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1950.

256

Benjamin Freidson, Washington, D. C. (Paul Marshall, Sanford S. Simms, Cleveland, Ohio, A. M. Edwards, Jr., Washington, D. C., of counsel; Ed Dupree, Hugo V. Prucha, and Benj. Freidson, Washington, D. C., on the brief), for appellant.

Ralph E. Helper, Detroit, Mich. (Larry Middleton, Detroit, Mich., and Harold Helper and Ralph E. Helper, Detroit, Mich., on the brief), for appellee.

Before HICKS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

In this action instituted by the Housing Expediter, it appears that appellee is the owner of a three-story building, located in the business and hospital district of Detroit, which was heretofore leased to a single tenant, who, in turn, rented rooms and apartments to the public for living purposes. On January 1, 1947, the premises were vacated and appellee undertook to change them from rented rooms and apartments to a hotel through the expenditure of a considerable sum of money in repairing, remodeling, redecorating, and installing new plumbing and facilities for heating water. On February 3, 1947, appellee filed an application for a license to operate the premises as a hotel, in accordance with the ordinances of the city of Detroit, and thereafter, in keeping with the usual practice of the city, investigations were conducted by the fire department, police department, and various other departments of the city whose approval was required before a hotel license could be issued.

On May 5, 1947, the license to operate a hotel was granted by the city of Detroit. The regular hotel licenses issued by the city of Detroit expired on June 30, 1947, and thereafter, a new license was issued for the premises in question for the period ending June 30, 1948, and subsequently, for the period ending June 30, 1949. During the entire period in which the above mentioned remodeling and alterations were made, the premises were unoccupied. In July, 1947, the building was reopened as a hotel and guests received. The district court found that the rooms had hot and cold running water and combination bath and lavatory; that the apartments had kitchenettes, stoves, and mechanical refrigerators. Upon the opening of the hotel in July, 1947, and thereafter, appellee furnished complete hotel service, including maid service, the furnishing and laundering of linen, telephone service, and the use and upkeep of furniture and fixtures. When the premises were opened as a hotel, they were known as the Grace Harper Hotel, and were listed in the Detroit telephone directory as a hotel.

The Housing and Rent Act of 1947 [1] provided that "controlled housing accommodations" did not include housing accommodations "in any establishment which is commonly known as a hotel in the community in which it is located, which are occupied by persons who are provided customary hotel services * * *." The Housing Expediter contends that the above exception and exemption did not apply to appellee's premises inasmuch as they were not operated as a hotel on June 30, 1947, the effective date of the statute, and for the further reason that the accommodations were not commonly known as a hotel. However, as above mentioned, the premises had been vacant for six months before the enactment of the Housing and Rent Act. Five months before that time, appellee had applied for a hotel license, which had been duly granted him at least four months before the statute was enacted and before its effective date. For several months before that time, alterations and remodeling had been carried on with the express and sole purpose of making them a hotel.

Because of the long vacancy, the repairs and remodeling which were carried

1. Section 202(c) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq.

on to make the premises a hotel, and the issuance of a hotel license many months prior to the effective date of the Housing and Rent Act of 1947, we are not confronted with a situation where the change of premises was made subsequent to the effective date of the Housing and Rent Act, and it is, therefore, unnecessary to consider the cases cited in the briefs, in apparent conflict, as to the cut-off date, which excludes premises from the exemption from rent control within the intendment of the statute.

As to the contention that the premises were not exempt as a hotel because they were not commonly known as a hotel, this question is not to be determined on testimony of reputation. The premises were in fact intended for a hotel, and remodeled and furnished for this purpose. The usual services of a hotel were supplied, and the premises operated in the manner of a hotel and duly licensed as such. They were known as a hotel and used as a hotel. The district court found that the premises were commonly known as a hotel in the vicinity in which they were located and were occupied by persons who were provided customary hotel services; and the court's findings are supported by substantial evidence. The judgment is affirmed.